**SEAN D. COONEY, ESQ.**
NV Bar # 12945
**ADAM C. EDWARDS, ESQ.**
NV Bar # 15405
**CARMAN COONEY FORBUSH PLLC**
4045 Spencer Street Suite A47
Las Vegas, NV 89119
Telephone: (702) 421-0111
Facsimile: (702) 516-1033
service@ccfattorneys.com
Attorneys for Plaintiff
Mercury Casualty Company

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MERCURY CASUALTY COMPANY, a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>HAIYAN XU, an individual; VICTORIA HARBOR INVESTMENTS, LLC, a Nevada Limited Liability Company; DOES 1-10, inclusive<br><br>Defendants | **COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Mercury Casualty Company (hereinafter "Mercury"), by and through its counsel of record Sean D. Cooney Esq. of CARMAN COONEY FORBUSH PLLC, avers, alleges, and both complains and seeks relief as follows:

///

///

## PARTY ALLEGATIONS

1. Plaintiff Mercury is, and at all times relevant to this was a corporation organized and existing under the laws of the State of California and is duly licensed to do business in the State of Nevada.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant Haiyan Xu is, and at all times relevant to this complaint was, an individual residing in the People's Republic of China.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant Victoria Harbor Investments, LLC was at all times relevant to this complaint a limited liability company organized under the laws of the State of Nevada.

4. Plaintiff is informed believes, and thereon alleges, that all members of defendant Victoria Harbor are, and at all times relevant to this complaint were, individuals residing either in the State of Nevada or People's Republic of China.

## JURISDICTION

5. The Court has original jurisdiction over this matter under 28 U.S.C. 2201 as Mercury seeks declaratory relief from the Court over an actual, justiciable controversy concerning its duties owed to Defendants in relation to a policy of insurance under which Mercury has provided a defense and may be potentially obligated to provide indemnification for a suit against Defendants.

## VENUE

6. Venue is proper in the District of Nevada because the events giving rise to the present controversy occurred at a property in Las Vegas, Nevada.

## COMMON FACTUAL ALLEGATIONS

7. On or about May 5, 2021, Defendants applied for a policy of insurance through Mercury. In the application, Defendants indicated that the property was a primary residence and would be owner-occupied. Defendants also applied for an endorsement covering the Property for use as an owner-occupied short-term rental (i.e. AirBnB). The application for insurance is attached hereto as Exhibit 1.

8. On the basis of this application, Mercury issued to Defendants a policy of homeowners insurance with policy number NVHP0000025984 and effective dates of May 5, 2021, to May 5, 2022 (the "Policy"). The Policy covered a home located at 3245 Lindell Road, Las Vegas, Nevada 89146-6926 (the "Property"). The Policy is attached hereto as Exhibit 1.

9. Plaintiff is informed and believes, and thereon alleges, that at all times relevant to this complaint that the Defendants never occupied the Property as a primary residence. Instead, they rented the Property as a short-term rental without living in it. After neighbors complained about the loud noise from frequent, weekend parties, Defendants entered into a long-term lease agreement with Tho Truong.

10. Plaintiff is informed and believes, and thereon alleges, that at all times relevant to this complaint that Mr. Truong was the sole occupant of the Property.

1    11.    On or about June 2, 2021, Mr. Truong called Tuan Ta to perform
2 HVAC repairs at the Property.  As Mr. Ta was attempting to get on the roof of the
3 Property to access the HVAC unit, he fell and severely injured himself.

4    12.    Mr. Ta made a claim to Plaintiff for his injuries from that fall.
5 Plaintiff opened up claim number NVHO-00002654 and promptly began to
6 investigate the loss.

7    13.    Phone calls to Defendant Xu initially went unreturned, but Mercury
8 eventually reached Defendant's former property management company who agreed
9 to find update contact information.

10   14.    Mercury was then able to contact Defendant Xu who asked Mercury to
11 speak to her husband "Steve."  After leaving several messages for Steve, he finally
12 returned Mercury's call and confirmed Defendant Xu is the only one who knows
13 about the loss, that a recorded interview would need to be done with her, and that
14 she speaks Mandarin.

15   15.    Mercury then hired independent adjuster Irene Hutchinson to inspect
16 the Property, take recorded interviews of persons with knowledge of the loss, and
17 perform other necessary investigation.

18   16.    Neither Defendant Xu nor her husband Steve returned any further
19 phone calls or letters from either Mercury or Ms. Hutchinson.  Mercury then wrote
20 to Defendants notifying them of their duty to cooperate.

21

22

23

17. During her investigation, Ms. Hutchinson was not able to speak with anyone at the Property. She was able to make contact with a neighbor, "Stacy" who informed Ms. Hutchinson that Defendant Xu lives in China.

18. Ms. Hutchinson was able to take the recorded interview of claimant Mr. Ta that was arranged through his attorney Nicholas Bui.

19. When the claim could not be resolved, Mr. Ta sued Mr. Truong and Defendant Victoria Harbor Investments in a suit styled *Ta v. Truong et. al.*, Eighth Judicial District Court of Nevada case number A-23-871031-C (the "Underlying Suit").

20. Plaintiff who agreed to defend Mr. Truong and Victoria Harbor Investments in the Underlying Suit under a reservation of rights. Plaintiff continues to provide a defense to this day.

21. The evidence collected during the investigation of the claim shows that Defendants never occupied the Property as a primary residence. Therefore, the Property does not qualify as an "insured location" under the Policy and there is no coverage for Mr. Ta's claim.

22. Defendants also failed to cooperate in the investigation of the claim. Cooperation in investigating a claim is a condition precedent for coverage and the failure to cooperate also voids coverage for this claim.

23. Finally, Defendants misrepresented in the application for insurance that the Property was a primary residence and would be owner-occupied. The misrepresentation is material because had Mercury known the Property would not

1 be owner occupied, it would have written a different type of policy at a higher

2 premium.

3    24.   Mercury is harmed by the continued legal expense of defending Mr.

4 Truong and Victoria Harbor Investments in the Underlying Suit.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief)**

7    25.   Plaintiff repeats and realleges each and every allegation in

8 Paragraphs 1 through 24 above and incorporates them by reference as though fully

9 set forth herein.

10    26.   There is an actual, substantial, and justiciable controversy between

11 the parties concerning whether Mercury must continue to provide a defense to Mr.

12 Truong and Victoria Harbor Investments in light of the facts showing that the

13 Policy does not provide coverage for the Loss, that Defendants failed to cooperate in

14 the investigation of the claim, and Defendants made material misrepresentations

15 on the application for insurance.

16    27.   Mercury is entitled to a declaratory judgment declaring that there is

17 no possibility of coverage under the Policy for Mr. Truong and Victoria Harbor

18 Investments in the Underlying Suit and that Mercury is not required to provide a

19 defense to Mr. Truong and Victoria Harbor Investments in the Underlying Suit.

20 ///

21 ///

22 ///

23

**PRAYER FOR RELIEF**

Wherefore, Mercury expressly reserves it right to amend this Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, and demands judgment against Defendant as follows:

1. That Mercury be awarded judgment in its favor as to all causes of action;

2. A declaration from this Court that there is no possibility of coverage under the Policy for Mr. Truong and Victoria Harbor Investments as it relates to **Error! Reference source not found.**;

3. A declaration from this Court that Mercury is relieved of its obligation to provide Mr. Truong and Victoria Harbor Investments in the Underlying Suit;

**4.** For any other relief as may be provided by this Court.

DATED December 18, 2023.

                                              **CARMAN COONEY FORBUSH PLLC**

By _____
SEAN D. COONEY, ESQ.
ADAM C. EDWARDS, ESQ.
Attorneys for Plaintiff
Mercury Casualty Company