UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MERCURY CASUALTY COMPANY, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HAIYAN XU, an individual; VICTORIA HARBOR INVESTMENTS, LLC, a Nevada Limited Liability Company; DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-02082-JCM-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Leave to Serve Defendants by Publication. ECF No. 6. Plaintiff asserts it made numerous unsuccessful attempts to serve Defendants Haiyan Xu and Victoria Harbor Investment, LLC ("VHI"). *Id.* at 3. Specifically, Plaintiff's process server unsuccessfully attempted personal service on VHI on December 23, 2023, then both Haiyan Xu and VHI on January 6, 2024, January 12, 2024, January 17, 2024, January 25, 2024, January 29, 2024, February 3, 2024, February 15, 2024, and February 16, 2024 (ECF Nos. 6-1 at 1-2, 6-2 at 1, 6-3 at 1, 6-4 at 1, 6-5 at 1, 6-6 at 1-3). Plaintiff contends it does not know Defendant Xu's present address, where she resides or where she can be found. ECF No. 6-1 at 2. Plaintiff also states it does not know of any addresses outside of Nevada where Defendant Xu resides. *Id*. Plaintiff does not have any addresses where VHI can be served. *Id.* Plaintiff argues it exercised due diligence in attempting to serve Defendants. ECF No. 6 at 5. Plaintiff argues because both Defendants allegedly were insureds under a policy implicated in the underlying lawsuit described in the Complaint, both Defendants are necessary to this action's disposition. *Id*. Plaintiff requests leave to serve Defendants by publication in Nevada Legal News using "the language of the summons already issued by this Court." *Id.*

1

## I. DISCUSSION

Federal Rule of Civil Procedure ("FRCP") 4(m) allows the Court to extend time to effect service when good cause is shown that reasonable efforts to effect service are undertaken by a plaintiff. FRCP 4(e) allows a party to seek service of a defendant "by … following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located …." Nevada Rule of Civil Procedure ("NRCP") 4.4 allows service through alternative means so long as certain procedural steps are undertaken.

Plaintiff's repeated service attempts at multiple addresses show Plaintiff was diligent in attempting to serve Defendants. Therefore, service by publication is permitted by NRCP 4.4, which is incorporated by reference in FRCP 4(e). However, Plaintiff fails to comply with the requirements of NRCP 4.4(c)(2)(C), which requires the Motion "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements." Although Plaintiff indicated it intends to use the same language of the summons issued by the Court, this is not enough. The Court will not do Plaintiff's work for it. Plaintiff must adhere to NRCP 4.4's requirements and refile a motion for service by publication and provide a proposed order that complies with Nevada law.

## II. ORDER

Therefore, in accordance with the federal and state rules pertaining to service of process,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Serve Defendants by Publication (ECF No. 6) is GRANTED in part and DENIED without prejudice in part.

IT IS FURTHER ORDERED that no later than **March 5, 2024**, Plaintiff **must** file with the Court a Motion for Service by Publication together with a proposed order that complies with all steps and procedures required by NRCP 4.4(c)(2)(C) and (4), respectively.

IT IS FURTHER ORDERED that, thereafter, Plaintiff shall have through and including **April 23, 2024** to effect service on Defendants Haiyan Xu and VHI by publication.

Dated this 27th day of February, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE